TORRES, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la inscripción de una escritura de renta vitalicia.

No. 180.—Resuelto en abril 15, 1914.

RENTA VITALICIA—PAGO DE LA PENSIÓN—NATURALEZA DE DICHA OBLIGACIÓN.—
En virtud de la trasmisión de bienes muebles e inmuebles a favor de una persona, ésta se obliga a pagar a otra u otras una pensión o rédito anual durante su vida sin que sea necesario que la transferencia del dominio se haga gravando los bienes cedidos, pues mediante la traslación del dominio el que lo recibe no contrae más obligación que la personal de pagar la pensión o renta.
ID.—VENTA DE UNA CASA Y CESIÓN DE UN CRÉDITO HIPOTECARIO—CAUSA PARA LA CESIÓN DE DICHO CRÉDITO.—Cuando, como en el presente caso, se trasmite el dominio de una casa y se cede un crédito hipotecario obligándose el comprador a pagar una renta vitalicia al vendedor, garantizando aquél el pago de la pensión con hipoteca sobre la casa que adquiere sin gravar el crédito hipotecario, no procede denegar la inscripción de la cesión del crédito hipotecario por el fundamento de que no habiendo sido éste también afecto al pago de dicha pensión carece de causa dicha cesión, pues la causa del contrato de renta vitalicia se deriva de la trasmisión del dominio de la casa y de la cesión del crédito hipotecario.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Enrique Rincón.*

El Registrador Sr. José S. Belaval compareció por escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública No. 7 otorgada en 30 de enero del corriente año 1914 ante el Notario Enrique Rincón Plumey, Luisa Pellicier transfirió a Apolinaria Torres el dominio de una casa de su propiedad radicada en la calle del Sol de esta ciudad, No. 135, e inscrita en el registro de la propiedad, y también le hizo cesión de un crédito hipotecario sobre finca urbana No. 2 de la calle del Arsenal, barrio de la Marina de esta ciudad, por valor de $1,500 que le adeudaba Buenaventura Fuster, a dos años plazo, con interés del 8 por ciento

anual, según escritura de 14 de enero último, pendiente aún de inscripción en el registro de la propiedad, obligándose la Apolinaria en virtud de dichos traspasos, a satisfacer a Luisa Pellicier durante toda la vida de ésta, la suma de $25 mensuales a contar desde el 1 de febrero de 1914, bien entendido que la transferencia del dominio de la casa de la calle del Sol se hacía con la carga de la mencionada pensión, como así se haría constar en el registro de la propiedad.

Presentado para su inscripción en el Registro de la Propiedad de San Juan, Sección 1ª., el documento de referencia, el registrador lo inscribió en cuanto a la finca transmitida y denegó la inscripción en cuanto al crédito cedido por no aparecer inscrito a favor de la cedente, y por no existir en cuanto al mismo, causa para la transmisión, toda vez que la renta vitalicia se impone solamente sobre la finca indicada, todo lo cual se hizo constar en nota de 27 de febrero de 1914, sometida a nuestra consideración a virtud de recurso contra ella interpuesto por Apolinaria Torres en cuanto a la parte de la misma denegatoria de inscripción, por falta de causa para la transmisión del crédito.

Se trata de un contrato de renta vitalicia celebrado por Luisa Pellicier y Apolinaria Torres.

El artículo 1704 de nuestro Código Civil define dicho contrato en los siguientes términos:

"Artículo 1704.—El contrato aleatorio de renta vitalicia obliga al deudor a pagar una pensión o rédito anual durante toda la vida de una o más personas determinadas por un capital en bienes muebles o inmuebles, cuyo dominio se le transfiere desde luego con la carga de la pensión."

En virtud de la transmisión de bienes muebles o inmuebles a favor de una persona, ésta se obliga a pagar a otra u otras una pensión o rédito anual durante su vida sin que sea necesario que la transferencia del dominio se haga gravando los bienes, cedidos, pues mediante la traslación del dominio el que lo recibe no contrae más obligación que la personal de

pagar la pensión o renta. Y tan es así, que el artículo 1707 del mismo código estatuye que la falta de pago de pensiones vencidas sólo autoriza al perceptor de la renta vitalicia a reclamar judicialmente el pago de las rentas atrasadas y el aseguramiento de las futuras. Si puede pedir el aseguramiento de las rentas futuras, éstas no están aseguradas en virtud del contrato.

A este propósito dice el ilustrado comentarista Manresa, que los contratantes pueden estipular desde el principio que los mismos bienes cedidos en propiedad aseguren el pago de la pensión en forma de hipoteca, anticresis o prenda, aunque normalmente la renta vitalicia no lleva consigo tal garantía.

No puede por tanto sostenerse, como afirma el registrador recurrido, que no existe en cuanto al crédito cedido causa para la transmisión, toda vez que la renta vitalicia se impone solamente sobre la casa. La causa para la transmisión del crédito hipotecario existe, pues en virtud de la transmisión de ese crédito y de la casa conjuntamente, es que se ha obligado a Apolinaria Torres a pagar una renta vitalicia a Luisa Pellicier, y aunque ésta pudo dejar sin asegurar el pago de la pensión, quiso asegurarlo transfiriendo como transfirió el dominio de la casa con la carga de la pensión sin gravar el crédito hipotecario cedido.

Y no se deduce de ello que la cesión del crédito hipotecario constituya una donación pura y simple, pues como hemos dicho anteriormente, la causa de la renta vitalicia se deriva de la cesión del dominio de la casa y de la transferencia del crédito hipotecario conjuntamente.

Por las razones expuestas es de revocarse la nota recurrida en cuanto consigna como fundamento para denegar la inscripción del crédito hipotecario cedido, falta de causa para la cesión, sosteniéndose dicha nota por el fundamento de no aparecer inscrito a favor de la cedente el mencionado crédito.

*Revocada la nota en cuanto al defecto de falta de causa en la cesión del crédito hipotecario.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.