AGUSTÍN BLANCO GÉIGEL, ANA MARÍA CESTERO, ANA MARÍA y MARÍA TERESA BLANCO CESTERO, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, recurrido.

Núm. 1241.—*Sometido:* Marzo 1, 1949. *Resuelto:* Mayo 24, 1949.

*Gabriel de la Haba,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

En 1938 Agustín Blanco y su esposa Ana María Cestero adquirieron una casa y solar en la Calle Estado, de Miramar, Santurce. Dicha propiedad estaba inscrita a nombre de ellos y, según la escritura, pagaron por la misma la suma de $8,000. En 1948 los esposos Blanco otorgaron una escritura, en la cual comparecieron también Ana María y María Teresa Blanco Cestero, trasmitiendo la referida propiedad a las dos últimas, en consideración a la constitución por éstas de una renta vitalicia de $600 anuales sobre el inmueble, a favor de los dos primeros, pagadera durante las vidas de ambos trasmitentes. Esta última escritura decía que la propiedad valía entonces $12,000.

El registrador denegó la inscripción de la escritura de 1948. Sostuvo que si bien la transacción fué llevada a efecto bajo el nombre de renta vitalicia, de conformidad con los artículos 1702–08, Código Civil, ed. de 1930, la escritura constituía una donación o en todo caso un traspaso por precio inferior a su justo valor, según se provee en la sección 1 de la Ley núm. 303, Leyes de Puerto Rico, 1946 ((1) pág. 783); que la sección 12 de la Ley núm. 99, Leyes de Puerto Rico, 1925 (pág. 791), según fué enmendada por la sección 2 de la Ley núm. 189, Leyes de Puerto Rico, 1948 ((1) pág. 527), provee que ningún Registrador inscribirá tal escritura a menos de haberse presentado el recibo expedido por el Tesorero acreditativo del pago de la contribución sobre dicha donación; y en consecuencia, que no inscribiría la escritura en ausencia de un certificado del Tesorero demostrativo de que la contribución se había pagado o de que la transacción estaba exenta de contribución. Los cuatro comparecientes en la escritura radicaron este recurso gubernativo contra la decisión del Registrador.

Los recurrentes, citando el caso de *Torres* v. *El Registrador*, 20 D.P.R. 272, y varios comentaristas, arguyen

que en virtud de los artículos 1702–08 del Código Civil por esta escritura se constituyó una renta vitalicia onerosa y no una donación onerosa o de alguna otra clase según el artículo 560 del Código Civil. Pero aquí nada tenemos que ver con las diferencias existentes entre una renta vitalicia onerosa y donaciones onerosas o de alguna otra clase de conformidad con el derecho civil. Por la Ley núm. 303 de 1946, según quedó enmendada por la Ley núm. 432, Leyes de Puerto Rico, 1947 ((1) pág. 883), y por la Ley núm. 189 de 1948, la Legislatura quiso imponer una contribución a todas las transacciones en que se traspasara propiedad mediante herencia o por menos de su justo valor. Por tanto, a los fines de la contribución allí impuesta, esta Ley contributiva define como "donaciones" algunas transacciones que nunca antes habían sido clasificadas en tal forma bajo el derecho civil. Esto se torna evidente cuando examinamos la siguiente disposición de la Ley núm. 303:

"Sección 1.—Definiciones.—Según se usan en esta Ley:

"(a) El término 'donación' incluye la donación puramente graciosa, la onerosa y la remuneratoria, según las define el Código Civil de Puerto Rico.

"Cuando una propiedad se transfiere por menos de su justo valor, bien por dinero, su equivalente en dinero o mediante permuta, el exceso del justo valor de dicha propiedad sobre el valor del dinero, del equivalente en dinero o de la cosa por el cual o por la cual se transfiere dicha propiedad, se considerará una donación y se incluirá al computar el total de las donaciones hechas durante el año.

"También es donación la transferencia expresada en el párrafo anterior de esta sección cuando dicha transferencia se hace mediante el cumplimiento o la liquidación por una parte de la responsabilidad u obligación de una segunda parte para con una tercera, o por cualquier otro medio.

"Donación también incluye la condonación total o parcial de una deuda u otra obligación.

"También es donación el montante de cualquier póliza ordinaria de vida o dotal cuando la persona que paga las primas sobre dicha póliza no es la misma que recibe el producto de la póliza cuando ésta se liquida.

"Donación incluye también cualquier transferencia en fideicomiso (*trust*).

"La donación será tal tanto cuando se hace en forma directa como indirecta.

"También es donación toda transferencia que se haga por herencia, por testamento o *ab-intestato*.

"No se considerarán donaciones (1) los créditos incobrables, (2) la cancelación de deudas incobrables y (3) los premios de loterías pagados al comprador del billete."

La sección 1(*a*) deliberadamente se aparta de la definición clásica de "donación" bajo el derecho civil. Y su terminología es tan amplia que impone contribución a las transacciones por las que se transfieren bienes por herencia o por menos de su justo valor, ya sean dichas transacciones, como cuestión de derecho civil, donaciones según las define el artículo 560 del Código Civil; ya sean contratos de renta vitalicia, de conformidad con los artículos 1702–08 del Código Civil; o ya sean traspasos de propiedad de algunas otras clases, provistas por nuestro derecho sustantivo.

Por consiguiente el único problema ahora ante nos es si la escritura que se pretende inscribir demuestra de su faz que la propiedad pudo haberse transferido por menos de su justo valor, haciendo aplicable con ella la sección 12 de la Ley núm. 99, Leyes de Puerto Rico, 1925, según fué enmendada por la sección 2 de la Ley núm. 189 de 1948, que exige la presentación del recibo contributivo antes de que se verifique la inscripción.(¹)

---

(¹)La sección 12, según fué enmendada, provee que " . . . ningún Registrador inscribirá en el Registro a su cargo donación inter-vivos alguna a menos de haberse presentado el recibo expedido por el Tesorero de Puerto Rico, acreditativo del pago de la contribución sobre dicha donación . . . ". Lo que constituye una "donación" a los fines de la sección 12 es determinado, desde luego, por la definición que de dicha palabra contiene la sección 1(*a*) de la Ley núm. 303.

■■ Convenimos con los recurrentes en que un contrato de renta vitalicia es aleatorio y que su valor al cesionario es incierto, ya que no puede precisar el período durante el cual ha de pagar la renta. Y si la renta vitalicia es mayor que el valor en alquiler de la propiedad transferida a cambio de dicha renta, la transacción podría resultar en pérdida más bien que en ganancia para los deudores, si el transmitente vive mucho tiempo. Bajo dichas circunstancias, podría sostenerse con alguna fuerza que un contrato de renta vitalicia de esta naturaleza, de su faz no cae dentro de la definición de "donación" que se halla en la sección 1(a) de la Ley núm. 303.

Pero aquí la escritura dice que la casa y solar, radicados en un área urbana, están valorados en $12,000, mientras que la renta vitalicia es solamente de $600 anuales, o sea un 5 por ciento al año del valor de la propiedad. Dicha suma, por lo menos a nuestros fines, es prima facie menor que el valor en alquiler de los bienes. *Cf.* Ley núm. 5, Leyes de Puerto Rico, 1933, Sesión Extraordinaria (pág. 27), que dispone que el 6 por ciento constituye el tipo legal de interés y que dispone asimismo que el 8 por ciento puede cobrarse mediante convenio especial en préstamos en exceso de $3,000. Por tanto, si bien los deudores podrían estar recibiendo menos que lo anticipado si los transmitentes viven más de lo que se espera, al otorgarse la escritura aparentemente recibieron propiedad por menos de su justo valor. Es decir, siempre y cuando que la renta vitalicia sea inferior al rédito que pueda producir el valor de la cosa transferida, aquél que recibe propiedad sujeta al pago de una renta vitalicia, no puede alegar que nada de valor recibió, simplemente porque existe la posibilidad de que el preceptor de la renta vitalicia pueda vivir más de lo que se esperaba. Tal longevidad puede luego reducir al cesionario el valor efectivo de la propiedad;

no puede en manera alguna eliminarle totalmente el valor al cesionario o hacer que la transacción resulte en una pérdida para él.

Este caso viene a ser más claro si se pone otro ejemplo más obvio. Convenir con los recurrentes significaría que aun cuando la renta vitalicia en este caso fuera de $5 mensuales, el Registrador vendría obligado a inscribir la escritura sin el recibo contributivo. No podemos convenir en que la Legislatura dejara esta obvia laguna en una ley amplia que tiene por miras imponer contribución a todos los traspasos por menos del justo valor; y que emplea el lenguaje abarcador comprendido en la sección 1(a) de la Ley núm. 303.

■■ Los recurrentes acertadamente sostienen que no es la función del Registrador determinar el valor de bienes inmuebles. Pero aquí el Registrador no trata de fijar el valor de la casa y solar. Está aceptando la cifra de $12,000 que se hizo constar en la escritura como el valor de la propiedad; pero cumple con el deber impuéstole por la sección 12 de la Ley núm. 99 de 1925, según fué enmendada por la sección 2 de la Ley núm. 189 de 1948, cual es negarse a inscribir una escritura a menos que venga acompañada de un certificado del Tesorero, cuando de la faz de la escritura surge que aparentemente se hizo un traspaso de bienes inmuebles por menos del justo valor.

Nos damos cuenta de las dificultades que interponen las secciones 1(a) de la Ley núm. 303 de 1946 y 2 de la Ley núm. 189 de 1948 a la inscripción de transacciones. Pero el gobierno tiene el derecho de proteger el erario público y de prescribir condiciones razonables bajo las cuales se permite a los propietarios utilizar el sistema de registro que se les brinda. La decisión del Registrador no quiere necesariamente decir que se adeude contribución alguna. Simplemente significa que de la faz de la escritura la transacción requiere un certificado del Tesorero al efecto de que la contribución

ha sido pagada o que no se adeuda ninguna. Los recurrentes pueden tramitar esa cuestión con el Tesorero administrativamente o ante las cortes. Una vez hecho esto, tendrán entonces derecho a inscribir la escritura.(2)

*La nota del Registrador será confirmada.*

El Juez Asociado Sr. Todd, Jr., disintió.

---

(2)Los recurrentes afirman en su alegato que las deudoras son hijas de los transmitentes. La escritura de 1948 no dice eso. Los recurrentes descansan en los apellidos de las cesionarias para apoyar su contención. Esto de ordinario no sería suficiente. No obstante, aun cuando aceptásemos esta afirmación sobre el parentesco entre las partes, nuestra conclusión sería la misma. En verdad, el hecho de que la transacción se efectuó de padres a hijos, si algo hizo fué reforzar la posición del Registrador al efecto de que la misma puede ser una transacción sujeta a contribución, según se define en la sección 1(a) de la Ley núm. 303 de 1946.