JULIO CÉSAR NIETO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Número: G-64-5    Resuelto: 25 de enero de 1965

*Luis López de Victoria,* abogado del recurrente; el Registrador recurrido compareció por escrito.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

Dispone, *inter alia*, la Sec. 1 de la Ley Núm. 303 de 12 de abril de 1946, 13 L.P.R.A. sec. 881, que "Cuando una propiedad se transfiere por menos de su justo valor, bien por dinero, su equivalente en dinero, o mediante permuta, el exceso del justo valor de dicha propiedad sobre el valor del dinero, del equivalente en dinero o de la cosa por la cual se transfiere dicha propiedad, se considerará una donación y se incluirá al computar el total de las donaciones hechas durante el año." La aplicación de este precepto ha dado margen al presente recurso gubernativo.

De la escritura sometida a calificación—número 18 de 3 de febrero de 1964 ante el Notario Luis López de Victoria— y de las constancias registrales debemos considerar los siguientes antecedentes: que en 9 de abril de 1963 los esposos José Antonio Colón y Gloria Colón adquirieron por precio de $4,000 un inmueble—solar de 249.23 metros cuadrados con edificación de maderas techada de hierro galvanizado—sito en la Calle Pedro Vargas Rodríguez de Guánica; y que apenas diez meses después lo vendiera por precio de $3,500 a los esposos Julio César Nieto y Doris Vargas, quienes comparecieron al acto del otorgamiento de la escritura de compraventa representados por un mandatario verbal por ser residentes de la ciudad de Nueva York. Dice la nota denegatoria que esta diferencia de $500 puede constituir una donación y que no habiéndose acreditado el pago o exención de la correspondiente contribución, se suspende la inscripción y se toma anotación preventiva.

En *Cupeles Cintrón* v. *Registrador*, 87 D.P.R. 771 (1963), expresamente dejamos sin resolver si la venta de un inmueble por menos del valor en que fue adquirido constituye una donación sujeta a tributación. Tratábase de la venta de una finca rústica por precio de $6,000 que había sido adquirida siete años antes por $8,500. Como de la escritura surgía que en la

transacción original estaban incluidas ciertas plantaciones que no formaban parte del segundo contrato, consideramos que los hechos no justificaban que se resolviera sobre el fundamento aducido por el Registrador para denegar la inscripción, que era idéntico al que se consigna en la nota recurrida. La situación que ahora consideramos es distinta.

■ En *Freeman* v. *Srio. de Hacienda,* 82 D.P.R. 307, 310–313 (1961), hicimos un recuento de la legislación aprobada desde 1901 en cuanto a la imposición de la llamada contribución sobre herencia. Desde entonces, y hasta la aprobación de la Ley Núm. 303 de 12 de abril de 1946, *supra,* el suceso tributable era el fallecimiento. Aunque se mencionaban las donaciones, véanse la Sec. 1 de la Ley Núm. 99 de 29 de agosto de 1925 (Leyes, pág. 791) y el Art. 368 del Código Político de 1902 (Estatutos Revisados, 1902, pág. 492), esta referencia estaba limitada a aquéllas "cuya intención fuera otorgar la posesión, la nuda propiedad o el usufructo después del fallecimiento del donante," y solamente alcanzaba las donaciones *inter vivos* cuando se discernía el propósito de distribuir en vida los bienes.[1] Excepto este caso y aquéllos en que tenía lugar la colación, Art. 989 en relación con el 990 del Código Civil, ed. 1930, 31 L.P.R.A. secs. 2841 y 2842,[2] la donación *inter vivos* no estaba pues sujeta al pago de dicha contribución.

■ La Ley Núm. 303 alteró sustancialmente el sistema ampliando el ámbito de la imposición de forma que prácticamente cobija toda clase de transferencias, sean éstas *inter vivos* o *mortis causa,* y entre ellas la modalidad que llamare-

---

[1] El Art. 13 de la Ley Núm. 99 de 29 de agosto de 1925 (Leyes, pág. 791) disponía que "Toda donación efectuada con el propósito de distribuir en vida o después de su fallecimiento el dominio pleno, la nuda propiedad o el usufructo entre sus herederos, con el fin de impedir que quede herencia partible y eludir de este modo el pago de la contribución sobre herencia, será considerada como mortis causa a los efectos de esta Ley y quedará sujeta al pago del impuesto provisto por la misma."

[2] Idénticas a los Arts. 1001 y 1002 del Código Civil de 1902.

mos transferencia por menos del justo valor. Esta disposición es una traducción literal de la Sec. 2512 (b) del actual Código Federal, 26 U.S.C. sec. 2512 (b), (3) que transcrita literalmente en su versión en inglés lee como sigue "Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall be a gift, and shall be included in computing the amounts of gifts made during the calendar year." La única adición de la disposición local es la inclusión de una referencia expresa al valor de propiedades recibidas en permuta. Este precepto, que en la ley federal figura entre las secciones sobre valoración, se incorporó en Puerto Rico como parte de las definiciones del suceso tributable "donación." En *Commissioner of Int. Rev.* v. *Wemyss*, 324 U.S. 303, 306 (1945), se dijo que "de haber intentado el Congreso imponer la contribución simplemente sobre las donaciones, sería apropiado presumir que el término se usó en su sentido familiar, y sería necesario indagar sobre la existencia de un ánimo de gratuidad. Pero el Congreso intentó usar el término 'donaciones' en su sentido más amplio y abarcador (Citas)." De ahí que, como se apunta a renglón seguido en la opinión citada, no es necesario recurrir, a sino más bien descartar, las nociones del Derecho común sobre *"consideration"* al enfrentarse a los aspectos fiscales de la tributación de donaciones. Igual intención hemos atribuido a nuestro legislador, y en consecuencia, no es indispensable recurrir al Derecho civil para configurar el concepto de donación. *Consolidated Cigar* v. *Registrador*, 83 D.P.R. 751, 754 (1961).

---

(3) Esta provisión ha conservado el mismo texto desde que se incorporó originalmente como la Sec. 503 del Código de Rentas Internas Federal por la Ley de 6 de junio de 1932, 47 Stat. 248, que luego pasó a ser la Sec. 1002 de la Ley de Rentas Internas de 1939. Una disposición similar existía desde 1924 (Sec. 320 de la Ley de 1924, 24 U.S.C.A. Int. Rev. Acts 1940 ed., pág. 81).

█ Ahora bien, en cuanto se refiere a las transferencias por menos de su justo valor ello no quiere necesariamente significar que las prestaciones recíprocas tienen que ser exactamente iguales, aun cuando una interpretación literal del estatuto pudiera conducir a ese resultado. Así lo sostuvo inicialmente la Corte de Contribuciones de Estados Unidos, *William H. Gross*, 7 T.C. 837, 846–847 (1946); *Herbert Jones*, 1 T.C. 1207 (1943). Igual posición asumió el Comisionado de Rentas Internas al promulgar los reglamentos, 26 C.F.R. (1954) sec. 25.2512-8, y sus predecesores, todos redactados en términos similares. Mertens[4] comenta que "La larga historia de la interpretación administrativa sostiene, en efecto, que no es necesario un escrutinio sobre la existencia de una causa completa y adecuada cuando la transferencia ocurre como resultado de una transacción en el curso ordinario de los negocios. La base para tal exclusión es la existencia de una presunción de que tales transacciones envuelven una causa adecuada y completa, determinable en dinero o en su equivalente." Todo cuanto se requiere es que la transacción sea legítima, el resultado propio de una negociación y que no evidencie la intención de gratificar o donar. En el mismo sentido se pronuncian Lowndes y Kramer, *Federal Estate and Gift Taxes*, (Prentice Hall, 1956), págs. 310–313; Beveridge, *Law of Federal Gift Taxation*, (Callaghan & Company, 1958), 3.03, págs. 46–49. El Reglamento federal define la norma con la frase gráfica "a transaction which is bona fide, at arm's length, and free from any donative intent." Esto naturalmente excluye las transacciones en que la causa de una de las prestaciones es meramente nominal o insustancial, *Minnie E. Deal*, 29 T.C. 730 (1958), o en las cuales la intención de donar es predominante, cf. *Tesorero* v. *Tribunal de Contribuciones*, 70 D.P.R. 493 (1949).

---

[4] *Law of Federal Gift and Estate Taxation* (Lofit Publications, 1959), vol. 5, sec. 34.18, pág. 96.

Mertens, *op. cit.*, sec. 34.19, pág. 98, señala que la encuesta debe circunscribirse a determinar si se trata de una transacción de negocios legítima, aun cuando ésta no se relacione directamente con el negocio del contribuyente. Parece pertinente citar aquí lo expresado por la Corte de Contribuciones en *Estate of Monroe D. Anderson*, 8 T.C. 706, 720 (1947): "En las esferas mercantiles todos los días, por una u otra razón, se hacen malos negocios, ventas por un valor inferior al del mercado o por menos de una causa adecuada, pero nadie osaría pensar que está envuelta una donación, aun considerando el concepto más amplio posible de este término." La presunción de que una transacción de esta naturaleza tiene causa suficiente y adecuada se ha sostenido en casos en los cuales la contraprestación apenas alcanza a la mitad del valor de los bienes transferidos, *Eva B. Hull*, 62,199 P-H T.C. Memo; *Carl E. Weller*, 38 T.C. 790 (1962); cf. *Rosenthal* v. *Commissioner*, 205 F.2d 505 (2d Cir. 1953); *Barbara S. Fulton*, 49,110 P-H T.C. Memo. En cuanto a pagos hechos como recompensa por servicios ya prestados, véase, *Flax* v. *Tesorero*, 76 D.P.R. 390 (1954).

Aunque quizás no lo caracterizáramos específicamente como tal, una norma similar sobre la ausencia de una donación tributable cuando se trata de una transacción de negocios legítima, fue aplicada en *Consolidated Cigar* v. *Registrador*, 83 D.P.R. 751 (1961), en donde la nota denegatoria se fundaba en que el instrumento sometido a calificación envolvía la condonación parcial de una deuda. Citamos a la pág. 756, el siguiente pasaje de *Lowndes* y *Kramer*, supra, "Si una persona acepta menos de la cantidad reclamada con la intención de hacer una donación a la otra parte, ello constituye una donación. Sin embargo, si la transacción se lleva a cabo en un nivel comercial en que ambas partes han tenido la oportunidad de discutir ampliamente el asunto, sin intención de donar, en ese caso no hay una donación tributable no importa lo adecuado o no de la cosa recibida en cambio."

■    En el presente caso el hecho escueto de que la venta se haya realizado por una cantidad de quinientos dólares menos del valor de adquisición([5]) no justifica, por sí solo, que se estime que se trata de una donación y no de una transacción legítima de negocios, y se ignore la presunción a que nos hemos venido refiriendo.([6]) Le daremos a la disposición invocada en relación con las transferencias por menos del justo valor el mismo alcance que su precedente tiene en la jurisdicción fiscal federal.

*Se revocará la nota recurrida y se ordenará la inscripción.*

---

([5]) Es dudoso que tratándose de una diferencia de sólo quinientos dólares se requiriera la presentación como documento complementario del recibo de pago o la carta de exención de pago de la contribución sobre donaciones, pues la radicación de planillas sólo se requiere cuando se trata de donaciones *inter vivos* al donante que hiciere una donación en exceso de un mil dólares o al donatario que recibiere donaciones durante cualquier año natural montantes a un mil dólares o más en conjunto. Sec. 7 de la Ley Núm. 303 de 12 de abril de 1946, 13 L.P.R.A. sec. 888.

Por otro lado, la enmienda introducida al Art. 12 de la Ley Núm. 99 de 29 de agosto de 1925 por la Ley Núm. 189 de 13 de mayo de 1948 (Leyes, pág. 527)—para dejar sin efecto nuestra decisión en *Estévez* v. *Registrador*, 67 D.P.R. 361, 366 (1947), ratificada en *Casalduc* v. *Registrador*, 67 D.P.R. 619 (1947)—sólo se refiere a la presentación del recibo expedido por el Secretario de Hacienda acreditativo del *pago* de la contribución sobre una donación *inter vivos*. Cuando se trata de la contribución impuesta por motivo del fallecimiento del donante, la ley habla de "el recibo o los recibos especiales"; el recibo alude sin duda al de pago de la contribución, los recibos especiales incluyen la carta de exención.

([6]) Esta presunción está sujeta a lo que la propia ley establece cuando se trata de transferencias hechas por una persona mayor de 50 años a favor de sus hijos, descendientes, parientes o cualesquiera otras personas que pudiesen ser "objetos naturales de su liberalidad." Sec. 10(c) de la Ley Núm. 303 de 12 de abril de 1946, 13 L.P.R.A. sec. 891(c).

Es de notar que respecto a las transferencias entre parientes la Sec. 10(a), 13 L.P.R.A. sec. 891(a), requiere que "toda persona que trasmitiere cualquier participación, derecho, interés u otro intangible de valor, transmisible mediante endoso o entrega, a cualquier niño, descendiente, pariente, u otro objeto natural de su liberalidad, deberá, dentro de los diez días de hecha la misma . . . inscribir dicha transferencia ante notario público, haciendo constar en su totalidad la causa, si la hubiere, dada en cambio, y la fecha de la transferencia . . ." y que la Sec. 7(c), 13 L.P.R.A. sec. 888(c) requiere a las corporaciones que rindan planillas de transferencias de acciones.