### ANDRUS et al. v. BURNET, Commissioner of Internal Revenue.

#### Nos. 5057–5060.

Court of Appeals of District of Columbia.
Argued April 8, 1931.
Decided May 4, 1931.

J. S. Seidman, of New York City, for appellant in all.

Sewall Key, C. M. Charest, and Stanley Suydam, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

These four cases are here on petitions to review decisions of the Board of Tax Appeals.

Petitioners are a brother and three sisters, interested alike in the question presented.

March 1, 1913, Julia Dyckman Andrus, their mother, died in Yonkers, N. Y., and the petitioners with their brothers and sisters became possessed of approximately 112½ acres of land there, as remaindermen; their mother having had a life estate therein.

Their father, John E. Andrus, Sr., conceived the idea of a memorial to his late wife by her children and suggested and encouraged the application of the land to that purpose.

The three sons of the decedent seem to have been willing to meet their father's wishes in the matter from the first, but the five daughters were unwilling.

Thereupon the father offered to buy the share of any unwilling child and contribute it himself to the foundation, whereupon a price of $400,000 was placed upon the whole land for this purpose.

Subsequently, and on March 26, 1923, the Julia Dyckman Andrus Memorial, Inc., was chartered under the laws of New York to care for needy children and others in a suitable home, and to help establish and maintain them as useful members of society.

On December 31, 1923, the land was conveyed to the corporation, which on that day in return gave its notes aggregating $400,000 to the eight grantors, $50,000 to each, in denominations of $10,000, maturing 1, 2, 3, 4, and 5 years after date.

The eight notes first due were canceled, and the amounts thereof submitted by their owners in connection with income tax returns as charitable contributions to the corporation for the first year, and a like disposition and return was made of the like notes for each of the four succeeding years. Section 214 (a) (11), Revenue Act of 1921, c. 136, 42 Stat. 227, 241, 321.

The collector, commissioner, and Board

of Tax Appeals disallowed the items as claimed and all held that the transaction as carried out constituted gifts by each contributor of his entire interest in the land to the corporation at one time, namely, December 31, 1923, when the title passed.

They further held that the petitioners were entitled because of the gift to deduction from net income for one year alone.

If all parties had actually given all their interests in 1923, they would have been liable for the tax as claimed; but the terms and conditions of the gift were otherwise, as evidenced by the notes passing contemporaneously from the corporation to the donors.

This transaction was bilateral, the land passing from one side and the notes from the other, and while these notes were not secured by a mortgage, they were notes of a solvent maker, and might themselves have been given away, possibly negotiated, or presented for payment at maturity, as the holders might elect or their subsequent necessities require.

In our opinion the transaction was not a wrongful evasion of the tax, but even if conceded to have been an arrangement of properties to minimize taxation, it was lawful, and the advantage thus resulting may have had its weight in bringing the reluctant daughters into the transaction.

While these notes were held by the payees, there was no completed gift. Allen-West Commission Co. v. Grumbles (C. C. A.) 129 F. 287, 290.

And as said by Mr. Justice McReynolds, in Gould v. Gould, 245 U. S. 153, 38 S. Ct. 53, 62 L. Ed. 211: "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen. U. S. v. Wigglesworth, Fed. Cas. No. 16,690, 2 Story, 369; American Net & Twine Co. v. Worthington, 141 U. S. 468, 474, 12 S. Ct. 55, 35 L Ed. 821; Benziger v. U. S., 192 U. S. 38, 55, 24 S. Ct. 189, 48 L. Ed. 331."

Because the method of establishing the memorial saved the petitioners taxes was no reason why it should be condemned. Weeks v. Sibley (D. C.) 269 F. 155, 158.

As any man may sell tax burdened securities and invest the proceeds in those exempt from taxation, these petitioners could lawfully arrange their gift in a manner incidentally diminishing their taxation instead of increasing it.

At the most, that was all that was done in this case, and consequently the decision appealed from should be reversed.

Reversed and remanded for further proceedings in conformity with this opinion.

Reversed.