*Decisions will be entered under Rule 50.*

MINNIE E. DEAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61801. Filed January 29, 1958.

*George A. LeMaistre, Esq.,* and *George R. Oliver, Esq.,* for the petitioner.

*Homer F. Benson, Esq.,* for the respondent.

OPINION.

BLACK, *Judge:* In controversy herein is the amount of petitioner's net gifts for the year 1952. The petitioner reported no net gifts and the respondent determined $36,000 in net gifts.

The salient facts can be summarized as follows:

The petitioner, the owner of an undivided 64 per cent interest in a tract of land, purchased the other 36 per cent on December 15, 1952. The value of the entire tract on that day was $66,000. The Commissioner has determined that to be the value of the land on that date and there is no evidence in the record to refute it. On December 29, 1952, petitioner transferred this property to her three sons-in-law in trust. The trust was irrevocable but petitioner could amend it by agreement with the trustees. The trustees, who were given broad powers and considerable discretion, were to pay over the net income of the trust to the petitioner for her lifetime in such portions as in their discretion would care for her reasonable needs. Any undistributed portion of the net income was to be added to the corpus. It seems proper to remark here that the property was unimproved rural land located near Tuscaloosa, Alabama; and, so far as the record shows, it was not producing any income at the time the trust indenture was executed by petitioner. After the death of the petitioner the income was to be distributed in equal shares to her four daughters and at a later date the corpus was to be distributed to the daughters or their heirs. Simultaneously, her four daughters executed noninterest-bearing demand notes payable to the petitioner in the amount of $10,250 each (three $3,000 notes and one $1,250 note), a total of $41,000 for the four daughters. On December 30, 1952, the petitioner canceled, without consideration, one $3,000 note of each daughter; on January 5, 1953, petitioner canceled another $3,000 note of each daughter; on January 4, 1954, petitioner canceled another $3,000 note of each daughter; and on January 5, 1955, petitioner canceled the final $1,250 note of each daughter.

Petitioner filed a gift tax return for 1952. The return showed one gift described as "42/71 Interest in 197.6 acres unimproved rural lands * * * in trust for [four daughters]" and valued the gift at $42,000. The petitioner claimed four $3,000 exclusions, or a total of $12,000,

and also claimed a deduction for the specific exemption in the amount of $30,000. The latter two amounts were deducted from the $42,000, leaving net gifts of zero. The respondent determined that the value of the total gifts during the year was $66,000. He allowed the specific exemption of $30,000, but disallowed the four $3,000 exclusions on the ground that the gifts sought to be excluded were of future interests. He, therefore, arrived at net gifts of $36,000 ($66,000 − $30,000) and determined a deficiency accordingly.

We must first determine the value of the interest in the land conveyed in trust for the benefit of the four daughters.

The respondent determined that the value of the land conveyed for the benefit of the four daughters was $66,000, which was the market value of the entire fee. No reduction was made for the life interest of the petitioner. Petitioner has made no contention that the value of the gift which respondent has determined to be $66,000 should be reduced because petitioner reserved to herself in the trust indenture an interest in the property during her lifetime. No evidence was introduced at the hearing regarding the value of petitioner's reserved interest and no mention of it is made on brief. Since the petitioner's interest is not an absolute right to the income for life but a right to the income "as in the trustees' discretion will care for her reasonable needs," [3] we would not be justified in determining the value of her interest by the tables contained in Regulations 108, sec. 86.19, as amended by T. D. 5902, 1952–1 C. B. 167. Accordingly, we hold, if for no other reason than a failure of proof, that the value of the remainder interest conveyed in trust for the benefit of petitioner's four daughters was $66,000 as determined by the respondent.

We next must determine whether and to what extent the conveyance constituted a gift. The petitioner earnestly contends that the notes in the total amount of $41,000, given by the four daughters to the petitioner the same day that the trust indenture was executed, rendered the transaction a purchase to that extent by the daughters rather than a gift to them.

As stated previously, on December 29, 1952, the date of the trust agreement, the four daughters executed notes payable to the petitioner in the amount of $10,250 each, or a total of $41,000. The petitioner canceled, without consideration, the $41,000 in notes as follows: $12,000 on December 30, 1952 (the day following their execution); $12,000 on January 5, 1953 (within a week of execution); $12,000 on January 4, 1954; and $5,000 on January 5, 1955. The petitioner, however, testified that she requested the notes so that she would have

---

[3] Also the trust agreement provided that: "Any undistributed portion of the net income which the trustees in their discretion do not consider necessary to the needs, care, comfort, or support of the settlor shall be added to the corpus of the trust estate."

something to fall back on in the event the bank called the notes she gave to it in order to borrow the $33,760 for the purchase of the property, and contends that she would not have conveyed the land in trust unless the daughters executed the notes.

The statute taxes "the transfer * * * of property by gift," sec. 1000 (a), I. R. C. 1939,[4] and "the tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect." Sec. 1000 (b). Also, see sec. 1002. In determining whether the conveyance in question was a transfer by gift within the meaning of the statute, it is the substance of the transaction which controls.

After carefully considering the record, we think that the notes executed by the daughters were not intended to be enforced and were not intended as consideration for the transfer by the petitioner, and that, in substance, the transfer of the property was by gift. There is no evidence that petitioner intended to sell the property to her daughters. On the contrary, a donative intent is evidenced. The petitioner testified that the notes were intended to be in the nature of security in the event the bank called the demand note which she had made. However, the events immediately following belie this intention. Petitioner canceled, without consideration, $12,000 of her daughters' notes on the day following their execution and canceled an additional $12,000 within that week. This was in excess of one-half of the $41,000 face value of the notes. The remaining $17,000 was canceled by January 5, 1955. At the time of the hearing in this cause the petitioner's note to the bank was still not fully paid. The bank never required security and petitioner owned considerable other property. The argument that petitioner feared the bank would demand payment and that that was the reason she had her daughters execute the notes does not seem very persuasive under these circumstances.

Conversely, these facts lend considerable substance to respondent's argument that the making and canceling of the notes were a mere device to enable the petitioner to avoid the gift tax and to claim exclusions of $3,000 each upon cancellation of the notes. We think the record compels a finding that the transfer in question was by gift to the full extent of the value of the remainder interest to the four daughters and that no part was purchased by the daughters. Since the gifts to the daughters were of future interests, no exclusions are allowable under section 1003 (b) (3). *United States* v. *Pelzer*, 312 U. S. 399.

As we have already stated, we do not regard the notes which petitioner's four daughters executed to her at the time of the gift as having any effect to reduce the amount of the gift. We have found, and

---

[4] All section references are to the Internal Revenue Code of 1939, as amended.

held, that these notes were not given as a part of the purchase price of. the property which petitioner conveyed to the trust and did not serve to reduce the amount of the gift. Therefore, even if we assume, as. petitioner argues, that the daughters were legally liable on the notes to petitioner, that fact has no effect on the question we have here to decide. The Commissioner has not included as part of the gifts made by petitioner in 1952 the cancellation of the 4 notes for $3,000 each which had been executed by the daughters to petitioner. Since no such gifts were included by respondent in his determination of the deficiency, the cancellation cannot be made the basis for the exclusions in the amount of $12,000 which petitioner claimed on her return and which she still contends should be granted.

*Decision will be entered for the respondent.*