## VAUGHAN v. JOHN HANCOCK MUT. LIFE INS. CO.

### No. 12764.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 4, 1933.

Rehearing Denied May 13, 1933.

A. B. Cates, of Decatur, for appellant.

George A. Titterington, of Dallas, for appellee.

·LATTIMORE, Justice.

Appellee sued for specific performance of a contract to sell to appellant 165 acres of land known as the Chilton farm in Wise county. The portions of the contract which bear on this appeal follow:

"Balance of $2,000.00 to be paid by execution and delivery of ten V. L. notes of $200.00 each, due annually from 1 to 10 years from date of deed, and to bear interest at 6% per annum from date to maturity, and maker to be allowed to pay notes on or before maturity at his option.

"The $500.00 cash payment is to be made on or before 60 days from this date, and to be secured by lien on 13 head of dairy cows to be selected from purchaser's herd by representative of seller, deed to be delivered to purchaser when $500.00 payment is made.

"Seller agrees to furnish abstract of title to said property, which shall be conveyed free and clear of any and all encumbrances except those named herein.

"Purchaser agrees, within ten days from the receipt of said abstract to accept the title as shown by said abstract or to return it to the undersigned agent, with the written objections to the title. If said abstract is not returned to the agent with the written objections noted within the time specified, it shall be construed as an acceptance of said title.

"If any title objections are made, then the seller or the agent shall have a reasonable time to cure said objections and show good and marketable title. In the event of failure to furnish good and marketable title, the purchase money hereby receipted for is to be returned to purchaser, upon the cancellation and return of this contract; or purchaser may enforce specific performance of same.

"Seller agrees, when title objections have been cured, to deliver a good and sufficient special warranty deed properly conveying said property to said purchaser, and purchaser agrees, when said deed is presented, to pay the balance of the cash payment and execute the note and deed of trust herein provided for. Should the purchaser fail to consummate this contract as specified for any reason, except title defects, seller shall have the right to retain said cash deposit and liquidated damages for the breach of this contract, and shall pay to agent therefrom the

usual commission, or seller may enforce specific performance of this contract."

The portion of appellant's answer material to this appeal alleged that the contract provision for special warranty deed was a forgery; that the contract when signed by him required a general warranty deed; that the parties had agreed before signing the contract that the portions of it referring to the $500 cash payment meant that appellee would take 13 cows from appellant's herd as full payment of the $500; that appellee had not claimed the cows and refused to do so; prayed that plaintiff take nothing.

Appellant followed those defenses by allegations that, relying on the contract, he had moved on the farm, alleged special damages of repairs made on the premises and the cost of keeping the 13 cows, and prayed for those damages.

On the day the cause was called for trial, the appellee filed a supplemental petition excepting to the answer on the ground that the pleading of appellant as to the meaning of the cash terms of the contract sought to vary the terms of the written contract without pleading and legal reason therefor, and excepting to the cross-action on the ground that the appellant did not allege his willingness to perform the contract and that the cross-action affirmatively showed that appellant voluntarily moved onto the farm and did the repairs before the sale was closed and at his peril.

When the case was called for trial, the plaintiff took a nonsuit and urged its exceptions.

Appellant says in this court that he objected to the court's considering the supplemental petition because of a rule claimed by him to have been made by that district judge that pleading must be filed sufficient time before trial to give opposing counsel reasonable opportunity to examine same. The trial court considered the exceptions and sustained them; the defendant declined to amend and the suit was dismissed, from which defendant appeals.

Appellant says he presented to the trial judge a bill of exceptions, desiring to show that the trial court violated its own rules in considering appellee's exceptions. The record on appeal contains an affidavit by counsel for appellant that the judge said nothing and did nothing when this bill of exceptions was presented to him and that such bill of exceptions has never been signed by the trial judge and that no bystanders were available, and asks us to consider the bill on counsel's affidavit.

It is not necessary in our view of this matter to answer that request, but we turn aside to say in passing that nothing evidences more worthily a judge's fairness and high conception of his office than that the litigants before him receive full and fair record for appeal, of exactly what occurred in the trial court on the rulings of the court. When a judge does not do this, he convicts himself of carelessness or cowardice or something worse, and this court will see to it that the litigant who does his duty in such case does not suffer from that which he cannot help.

But this record wholly fails to show anything in this connection of which appellant should complain. The rule which he says the trial court adopted is no more than the courts of this state have always required. The prime purpose of pleadings is to put the adversary on notice of what he must meet and inevitably it follows that such adversary has a right to time to examine them if same are allowed by the court. If on examination the adversary can say justly that he is not ready against such new pleading he should ask for a continuance, and, if wrongfully denied such, he will find ready redress on appeal. Appellant asked no continuance and hence cannot complain of the action of the trial court. Moreover, we doubt if the record, which shows only that the prepared bill was handed to the trial court, is sufficient to show any denial of his rights. The court may have wished time to examine it. Many things could intervene entirely consistent with his intention to act on the request. Appellant in argument says that the judge did not refuse to sign it or say anything about it one way or the other, and that he (counsel) never spoke to him about it again. Neither does the affidavit make any statement whatsoever about the facts which appellant desired to have his bill of exceptions show. Thus we have no one who says of record that the bill of exceptions stated the truth.

We believe the exceptions to the allegations seeking to explain the cash terms of the contract were properly sustained. The contract gave a "lien" to appellant upon the cows for "$500.00." "Lien" means a right to enforce a charge upon property of another for the payment or satisfaction of a claim. While the construction that parties thereto place upon a contract is given great weight, Humble Oil Co. v. Reclamation Co., 58 S.W. (2d) 1082, by this court, still that construction must be consistent with the actual terms of the contract. A party thereto will not be heard to say, in the absence of pleading some sufficient justification for such strange conduct, that the parties agreed in advance that "black" means "white." We cannot agree that any such definition can be given the word "lien" as makes it mean "sale," "transfer," "delivery," "assignment," or "bill of sale," or the like.

Appellant to his cross-action sought to recover damages for a breach of contract to convey. His general damages were the

difference between the market and contract values, Cross v. Everts, 28 Tex. 524, in the absence of a showing why some other rule of measurement should apply. His allegations for repairs, etc., on the property are special damages and cannot be recovered in the absence of pleadings showing that same were in the contemplation of the appellee by special facts or agreements at the time the contract was signed. Greenwood v. Pierce, 58 Tex. 130. This he does not do.

We conclude that the suit was properly dismissed below. The judgment is affirmed.