George COOPER, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Defendant.

Civ. A. No. 77–920.

United States District Court, District of Columbia.

Oct. 26, 1977.

Richard B. Sobol, Sobol & Trister, Washington, D. C., for plaintiff.

John J. McCarthy, Jr., Donald J. Gavin, F. Gerald Burnett, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM

FLANNERY, District Judge.

This matter comes before the court on cross-motions for summary judgment. The facts in this case are not in dispute, the parties having stipulated to them. Plaintiff, a professor at Columbia University School of Law, seeks access, pursuant to the Freedom of Information Act, as amended, 5 U.S.C. § 552 (1970), to various documents introduced by the Internal Revenue Service as exhibits in two cases before the United States Tax Court: *Estate of J. W. Kelley,* T.C. Docket Nos. 3236–73, 3237–73, 63 T.C. 321 (1974); and *Estate of Edward E. Dickinson, Jr.,* T.C. Docket No. 3075–73, 63 T.C. 771 (1975). The Internal Revenue Service contends that these documents[1] are exempted from disclosure by 5 U.S.C. § 552(b)(3) which exempts from disclosure any documents "specifically exempted from disclosure by statute." I.R.S. states that such a specific exemption is contained in 26 U.S.C. § 6103 (1970), as amended by the Tax Reform Act of 1976, Pub.L. 94–455, § 1202(a)(1), 90 Stat. 1667, which limits the

---

1. The documents requested consist primarily of copies of various estate and corporate tax returns, deeds, lien notes, releases from indebtedness, and other communications and agreements relevant to the assessment of estate taxes in each of the Tax Court cases. *See* Stipulation of Facts, ¶ 2 and 7.

disclosure of returns and return information[2] in an effort to maintain their confidentiality. However, because these records were released to the Tax Court and were open to public inspection before being returned to the IRS, it is the opinion of this court that these documents, once having been disclosed in this way, cannot regain their confidential nature. As indicated more fully below, the IRS must release the requested documents to the plaintiff.

## I. *Background*

26 U.S.C. § 6103(a) states in pertinent part:

Returns and return information shall be confidential and except as authorized by this title—

(1) No officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or employee or otherwise or under the provisions of this section.

The IRS released the documents in question to the Tax Court as evidentiary exhibits pursuant to 26 U.S.C. § 6103(h)(4), allowing the disclosure of returns and return information for tax-related judicial proceedings.

Once released to the Tax Court, however, the documents were no longer subject to the confidentiality requirements of section 6103.[3] Rather, the status of the documents so disclosed was governed by 26 U.S.C. § 7461 (1970), which states in pertinent part:

All reports of the Tax Court and all evidence received by the Tax Court . . . shall be public records open to inspection of the public, except that after the decision of the Tax Court in any proceeding has become final the Tax Court 'may, upon motion of the taxpayer or the Secretary or his delegate, permit the withdrawal by the party entitled thereto of originals of books, documents, and records, and of models, diagrams, and other exhibits, introduced ·in evidence before the Tax Court or any division; or the Tax Court may, on its own motion, make such other disposition thereof as it deems advisable.

This section makes clear the fact that as long as the Tax Court has custody of returns and return information, such documents are part of the public record. Indeed, the documents in question here were available for public inspection in the Tax Court Reading Room for twenty months in one case and thirteen months in the other. Had plaintiff sought access to these documents while they were in the possession of the Tax Court, there is no doubt that these documents would have been made freely available to him.

That, however, is not the case at hand. When the decrees in each of the Tax Court cases became final, the Tax Court, pursuant to its authority under 26 U.S.C. § 7461, returned the documents in question to the IRS. There is no evidence to suggest that the Tax Court did this for any reason other than general, routine housekeeping. In other words, the return of these documents was a routine matter designed to prevent

---

**2.** Plaintiff does not dispute the fact that the items requested are tax returns and return information as defined in 26 U.S.C. § 6103(b)(1)–(2).

**3.** In support of his position, plaintiff has urged the court to consider 26 U.S.C. § 6103(p)(4) which indicates that certain procedural and recordkeeping safeguards are inapplicable when returns and return information released by the IRS are subsequently disclosed in the course of any judicial or administrative proceeding. However, subsection (p)(4) indicates that these safeguards apply only when such records are released from IRS to various Federal agencies pursuant to other subsections of section 6103 listed within . subsection (p)(4). Subsection (h)(4), pursuant to which the IRS released the documents in question to the Tax Court, is not one of those subsections listed in subsection (p)(4). When the IRS releases returns and return information to another agency which subsequently discloses such documents in the course of a judicial or administrative proceeding, the terms of subsection (p)(4) exempt such records from the safeguards contained therein. *See* 1976 U.S.Code·Cong. & Admin.News, p. 4185. Subsection (p)(4) does not apply to a case where, as here, the IRS discloses the documents directly to the court.

the Tax Court from being buried with exhibits from closed cases. *See United States v. Mitchell,* 179 U.S.App.D.C. 293, 551 F.2d 1252, 1259 (1976), *cert. granted* 430 U.S. 944, 97 S.Ct. 1578, 51 L.Ed.2d 791 (1977). The question presented by this is whether such a return of these items to the IRS is sufficient to reinstate the confidential nature of the documents in issue. Sections 6103 is silent on this point. The court must, therefore, look to two other factors in determining the outcome of this issue. First, the court must consider the way in which the law treats other confidential documents or communications which have been made public. Second, the court must analyze the policies embodied in the Freedom of Information Act regarding disclosure of such documents.

II. *Publication of Confidential Documents* [4]

Under the terms of 26 U.S.C. § 6103, if the IRS had not released the documents in question to the Tax Court, there is no doubt that they would be unavailable to the plaintiff now. The confidentiality of the documents would have remained intact. When the documents were released to the Tax Court, however, their status was undeniably changed.

It is a well-established rule of law that " '[a] trial is a public event,' and '[w]hat transpires in the courtroom is public property.' " *United States v. Mitchell,* 179 U.S. App.D.C. 293, 302, 551 F.2d 1252, 1261 (1976), *cert. granted* 430 U.S. 944, 97 S.Ct. 1578, 51 L.Ed.2d 791 (1977), quoting *Craig v. Harney,* 331 U.S. 367, 374, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947). This is true of confidential as well as non-confidential items.

In *Mitchell,* the United States Court of Appeals for the District of Columbia Circuit ruled that the appellant broadcasting and communications companies should be allowed to inspect and copy those portions of the "White House tapes" played before the jury in the Watergate trial. Attorneys for Mr. Nixon and for the appellees argued that the tapes were confidential, containing as they did private presidential conversations. The court stated that, even assuming the tapes were confidential to begin with,

> It suffices to note that once an exhibit is publicly displayed, the interests in subsequently denying access to it necessarily will be diminished.

179 U.S.App.D.C. at 302, 551 F.2d at 1261. The documents in the present case were not only exhibits presented to the court as in *Mitchell,* they were also open to public scrutiny for more than one year. It cannot be said that IRS has any real interest in withholding as confidential documents which have been released and displayed in such a manner.

Support for this conclusion may also be found in the treatment of other confidential documents and communications. The attorney-client privilege is closely analogous to the case at hand.[5] In recently considering this privilege under exemption five of the FOIA, 5 U.S.C. § 552(b)(5) (1970), the United States Court of Appeals for the District of Columbia Circuit indicated that although documents subject to this privilege could be properly exempt from disclosure under exemption five,

> It must also be demonstrated that the information is confidential. If the infor-

---

4. It is, of course, somewhat anomalous to refer to all of the documents in question as confidential. Many are not truly confidential in any respect. For example, some of the documents are deeds and are thus doubtless recorded in some county or municipal recording office. Therefore, they are already technically public records. Confidentiality in this case is limited to the concept that the IRS may not freely divulge this information.

5. The attorney-client privilege is subsumed within exemption five of the Freedom of Infor-

mation Act, 5 U.S.C. § 552(b)(5) (1970). *N.L. R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 154, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). Although the present case involves exemption three, 5 U.S.C. § 552(b)(3) (1970), which exempts from disclosure all items so exempted by other statutes, the "other statute" on which the IRS relies, i. e. 26 U.S.C. § 6103, creates a confidentiality not unlike that created by the attorney-client privilege. Since the resultant confidentiality is the same, the factors defeating that confidentiality are also similar.

mation has been or is later shared with third parties, the privilege does not apply. (Footnotes omitted).

*Mead Data Central, Inc. v. United States Department of the Air Force,* 566 F.2d 242, at 253 (D.C.Cir.1977). That is precisely the case now before the court. The IRS properly released the documents to the Tax Court. Once there, the documents became part of the public record, thereby losing all semblance of confidentiality. The routine return of these documents to IRS cannot, in light of these cases, reestablish the confidentiality of these documents.

### III. *FOIA Policy Considerations*

Although much of the discussion so far has concentrated on various provisions of the Internal Revenue Code, it must be remembered that plaintiff requested access to the documents in question pursuant to the Freedom of Information Act. The confidentiality requirements of 26 U.S.C. § 6103 must, therefore, be read in connection with the policies embodied in the FOIA favoring disclosure.

The primary objective of the FOIA is to facilitate the broadest possible disclosure of information held by the government. *Department of Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976); *Environmental Protection Agency v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973). Although section 552(b) contains certain exemptions, they are limited and "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." *Department of Air Force v. Rose, supra,* 96 S.Ct. at 1599. These exemptions must be narrowly construed, *Vaughn v. Rosen,* 173 U.S.App.D.C. 187, 193, 523 F.2d 1136, 1142 (1975), since they represent only "the congressional determination of the types of information that the Executive Branch must have the option to keep confidential, if it so chooses." *Environmental Protection Agency v. Mink, supra,* 93 S.Ct. at 832.

Though pursuant to 5 U.S.C. § 552(b)(3) and 26 U.S.C. § 6103 the IRS had the option to keep the documents in issue confidential.

IRS chose not to do so. Because IRS released these documents, and since they became part of the public record, it cannot be reasonably said that the IRS has a genuine interest in maintaining the confidentiality of these documents. *See Environmental Protection Agency v. Mink, supra,* at 832. Absent such an interest, the congressional policy favoring disclosure must be followed.

### IV. *Conclusion*

Clearly, Congress did not contemplate a situation such as this one when it amended 26 U.S.C. § 6103. Nevertheless, a formerly confidential document disclosed on the public record and available for public scrutiny cannot be made confidential again by a simple change of custody. The FOIA requires the IRS to grant the plaintiff access to the documents in question in this case.

An appropriate Judgment accompanies this memorandum.